UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALDINE WATKINS, an individual, | ) ) ) Case No: ) Judge: ) ) Magistrate Judge: ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| RIVERFRONT LODGING, L.L.C. and OMNI HOTELS MANAGEMENT CORPORATION | |
| Defendants. | |

## COMPLAINT

Plaintiff, GERALDINE WATKINS, by and through her undersigned counsel, hereby files this Complaint and sues Defendants, RIVERFRONT LODGING, L.L.C. ("RIVERFRONT") and OMNI HOTELS MANAGEMENT CORPORATION ("OMNI") (hereinafter referred to collectively as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as "ADA") and declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter, "LCHR"); and alleges the following:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA and the LCHR.

1

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property at issue in this lawsuit is located in Orleans Parish, in the Eastern District of Louisiana.

4. Plaintiff, GERALDINE WATKINS, (hereinafter referred to as "MS. WATKINS"), is a person of the age of majority and a citizen of the State of Louisiana, St. John the Baptist Parish.

5. MS. WATKINS resides in LaPlace, Louisiana.

6. MS. WATKINS is a qualified individual with a disability under the ADA and the LCHR.

7. MS. WATKINS has had her right knee and left hip replaced and she has a metal pin in her left foot to ameliorate a hammertoe. She also has nerve pain in her back, which makes it hard for her to walk more than short distances. She also has diabetes and kidney disease.

8. Due to her disability, MS. WATKINS is substantially impaired in several major life activities and requires a walker and sometimes a wheelchair to ambulate.

9. Upon information and belief, RIVERFRONT LODGING, L.L.C., a limited liability company organized in the State of Louisiana and doing business in Orleans Parish, is the owner of the real properties and improvements which are the subject of this action, to wit: Omni Riverfront Hotel, 701 Convention Center Boulevard, New Orleans, LA 70130 (hereinafter referred to as "the Property").

10. Upon information and belief, OMNI HOTELS MANAGEMENT CORPORATION, a business corporation organized in the State of Delaware and doing business in Orleans Parish, is an owner and operator of the business located at the Property.

11. Upon information and belief, the Property is a hotel.

12. MS. WATKINS has been to the Property to stay at the hotel.

13. DEFENDANTS are obligated to comply with the ADA and the LCHR.

14. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

15. MS. WATKINS realleges and reavers the above Paragraphs as if they were expressly restated herein.

16. The Property is a place of public accommodation, subject to the ADA, generally located at: 701 Convention Center Boulevard, New Orleans, LA 70130.

17. MS. WATKINS came to stay at the Property on July 16, 2024.

18. MS. WATKINS was in New Orleans to volunteer for the Evangelical Lutheran Church in America Youth Gathering.

19. MS. WATKINS was with her friend Keely Lewis, who was also a volunteer at the event.

20. Ms. Lewis, an Omni Hotels Loyalty member, booked the trip online and reserved an ADA accessible room to accommodate MS. WATKINS' accessibility needs.

21. MS. WATKINS and Ms. Lewis were initially assigned to Room 302, which was ADA accessible.

22. Room 302 contained an accessible bathroom that was large enough to accommodate MS. WATKINS' walker, had a grab bar next to the commode, and a commode at an accessible height.

23. On July 18, 2024, MS. WATKINS and Ms. Lewis woke up early to get ready for their day of Christian volunteering. Around 6:00 A.M., a hotel employee came to Room 302 and informed MS. WATKINS and Ms. Lewis that there was a noise complaint directed to them.

24. After the visit from the hotel employee, MS. WATKINS and Ms. Lewis received two additional calls from the hotel staff about noise complaints.

25. When MS. WATKINS and Ms. Lewis received a third call from the hotel front desk, they were told they would be required to switch hotel rooms. MS. WATKINS asked to speak with a manager and was put on the phone with an individual named Nick.

26. MS. WATKINS explained to Nick that she uses a walker to ambulate and it would be difficult for her to move to another room. Nick insisted that she switch rooms.

27. MS. WATKINS and Ms. Lewis were then moved into Room 424, a non-accessible or ADA-compliant room.

28. The bathroom in Room 424 was not accessible, as MS. WATKINS could not fit her walker or wheelchair in the bathroom and she could not get in and out of the bathtub on her own. There were also no grab bars next to the commode.

29. MS. WATKINS informed the hotel staff that the bathroom was not accessible and requested to switch rooms.

30. MS. WATKINS and Ms. Lewis then waited three hours to be moved to an accessible room, missing a significant portion of the Christian Youth Gathering for that day.

31. MS. WATKINS and Ms. Lewis were finally moved to Room 502.

32. The bathroom in Room 502 was also inaccessible. Though there was a grab bar next to the commode, the commode was too low to the ground for MS. WATKINS to get up without

assistance.

33. MS. WATKINS and Ms. Lewis did not want to miss any additional time from the Christian Youth Gathering, so they decided to leave for the Convention Center rather than request and wait for a new hotel room.

34. That evening, MS. WATKINS had to use the bathroom several times. Each time that she needed the bathroom she had to wake Ms. Lewis for assistance with getting off the commode.

35. MS. WATKINS was humiliated and uncomfortable due to this experience.

36. MS. WATKINS has personally observed and is aware of mobility-related barriers at the Property, as discussed below.

37. DEFENDANTS failed to provide a reasonable accommodation by taking an accessible hotel room away from MS. WATKINS.

38. DEFENDANTS failed to provide a reasonable accommodation by having a policy of relocating individuals with disabilities away from their hotel room instead of relocating non-disabled individuals who were complaining of alleged "noise."

39. DEFENDANTS failed to provide a reasonable accommodation by not relocating MS. WATKINS to an alternative accessible hotel room.

40. MS. WATKINS fears that when she enters the Property to utilize its services in the future, she will encounter the same barriers to access, and the same failures to accommodate, which are the subject of this action.

41. The barriers discussed below are excluding MS. WATKINS from the programs, services, and activities offered at the Property.

42. The barriers discussed below are excluding MS. WATKINS from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Property.

43. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MS. WATKINS due to, but not limited to, the following violations which exist at the Property:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

    A. The bathroom door in Room 424 is too narrow;

    B. The bathtub in Room 424 does not contain a seat or grab bars;

    C. The commode in Room 424 does not contain adjacent grab bars;

    D. The commode in Room 502 was impermissibly low to the ground;

    E. Other mobility-related ADA barriers to be identified following a complete inspection.

44. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

45. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

46. Upon information and belief, removal of the barriers to access located on the Property would provide MS. WATKINS with an equal opportunity to participate in, or benefit from,

the goods, services, and accommodations offered to the general public at the Property.

47. Under the ADA, a public accommodation is required to modify its policies, practices, or procedures to mitigate any disparate impact upon persons with disabilities. 28 CFR § 36.302(a).

48. Public accommodations must also take affirmative measures to ensure that such persons have an equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that are available from that public accommodation. 42 U.S.C. § 12182; 28 CFR §§ 36.202(b), 36.201(a), 36.203(a), 36.302(a).

49. By failing to provide an accessible hotel room DEFENDANTS effectively precluded MS. WATKINS from obtaining the same benefits available to ambulatory patrons, in violation of 28 CFR §§ 36.201(a), 36.202(b), 36.204 and 36.302(a).

50. MS. WATKINS was further discriminated against by being subjected to the humiliation and discomfort of using an inaccessible restroom, which required asking for assistance to use the toilet, a deeply private activity. There is no analogous experience to which an ambulatory patron could have been subjected and no adequate comparison can be made for ambulatory individuals.

51. MS. WATKINS fears that if she returns to the Property, she would again be subjected to discrimination on the basis of her disability.

52. MS. WATKINS intends to visit the Property in the future when she attends events at the nearby Convention Center.

53. Upon information and belief, modification of the policies, practices, and/or procedures of

   DEFENDANTS would provide MS. WATKINS an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANTS offer to the general public.

54. MS. WATKINS has been obligated to retain undersigned counsel for the filing and prosecution of this action. MS. WATKINS is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

55. MS. WATKINS repeats and realleges all preceding paragraphs in support of this claim.

56. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereinafter referred to as "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANTS.

57. At all times relevant to this action, MS. WATKINS has experienced substantial limitations to several major life activities, including walking, standing, and bending, and uses a walker or wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

58. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

59. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services,

facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

60. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

61. DEFENDANTS discriminated against MS. WATKINS, on the basis of her disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property in part due to the architectural barriers discussed in this pleading.

62. MS. WATKINS deems herself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

63. MS. WATKINS is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. WATKINS demands judgment against DEFENDANTS and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property and DEFENDANTS' policies, practices, and/or procedures to make the Property

accessible to and useable by individuals with mobility-related disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MS. WATKINS pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses to MS. WATKINS pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just, and proper under the ADA and the LCHR.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
gdereus@bizerlaw.com
eva@bizerlaw.com